## UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF VERMONT

Patricia Kane,

      Petitioner,

      v.                                        Civil Action No. 2:17–cv–157–cr–jmc

Melissa Bailey,
Commissioner of the
Department of Mental Health,

      Respondent.

## REPORT AND RECOMMENDATION
### (Docs. 1, 4)

Petitioner Patricia Kane, proceeding *pro se*, has filed a Petition for Writ of
Habeas Corpus.  (Doc. 1.)  Kane is apparently in the custody of Respondent the
Commissioner of the Department of Mental Health at the Brattleboro Retreat,
pursuant to an "Order of Hospitalization" issued under 18 V.S.A. § 7617(b)(1).
(Doc. 5 at 1; *see* Doc. 1 at 2.)  This order is currently on direct appeal to the Vermont
Supreme Court.  (Doc. 5 at 1 (citing *In re P.K.*, Docket No. 2017-272).)

Although the Petition is devoid of significant facts, Kane appears to contend
that the Order of Hospitalization requires her to be involuntarily confined and to
receive involuntary medication at the Brattleboro Retreat, in violation of the federal
constitution, federal statutes, and Vermont statutes.  (Doc. 1 at 1.)  Respondent has
moved for an extension of time to file an answer to the Petition.  (Doc. 5.)

In addition to the Petition, Kane has filed a document titled "Two Motions," which incorporates two separate motions (referred to herein as "Motion").  (Doc. 4.) Therein, Petitioner first seeks leave to amend her petition in three respects: (1) to add three new "defendants," in both their official and individual capacities; (2) to bring legal malpractice claims against two attorneys from the Mental Health Law Project for their "intentional incompeten[ce]" in failing to file a motion for a legal competency hearing; and (3), to bring a "retaliatory malpractice" claim against a doctor at the Brattleboro Retreat for his failure to conduct an evaluation of her. (*Id.* at 1.)  Second, Petitioner seeks to preliminarily enjoin Respondent from continuing to involuntarily medicate her (*id.* at 2), and possibly to enjoin Respondent from involuntarily hospitalizing her, although that request is not specifically made in the Motion.  For the reasons stated below, I recommend that both requests be DENIED.[1]

## Analysis

### I.    Request for Immediate Injunctive Relief

Petitioner seeks injunctive relief in the form of an order directing her release from the custody of the Commissioner of Mental Health.  Preliminarily, the party

---

[1] While Petitioner's Motion was pending before this court, she filed a notice of appeal regarding her underlying habeas petition.  (Doc. 8.)  Generally, a notice of appeal divests the district court of control over those aspects of the case involved in the appeal.  *Leonhard v. United States*, 633 F.2d 599, 609 (2d Cir. 1980).  As described above, however, her habeas petition is still pending before this court and, thus, any notice of appeal is non-final and premature.  Because Petitioner's notice of appeal was taken from a non-final judgment, the notice of appeal does not divest the district court of its jurisdiction.  *Id.* at 610 ("[W]e see no efficiency to be gained by allowing a party arbitrarily to halt the district court proceedings by filing a plainly unauthorized notice which confers on this Court the power to do nothing but dismiss the appeal."); *see also United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996) (concluding that, because "there was no final order from which to appeal[,] . . . notice of appeal was premature, and therefore, was a nullity").

seeking injunctive relief bears the burden of proof to show that circumstances warrant an exercise of the court's discretion. Moreover, as a general rule, an evidentiary hearing should be held where there is a dispute about material facts. But Petitioner's Motion suffers from a preliminary and fundamental defect. Petitioner's request for relief from the involuntary hospitalization and medication order is currently on appeal before the Vermont Supreme Court. Because of this, the *Younger* abstention doctrine requires that this court abstain from deciding the issue.

Under the abstention doctrine stated by the U.S. Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts have limited authority to enjoin pending state proceedings. *See* Entry Order, *Kane v. Marthage*, No. 2:16-cv-117 (D. Vt. Sep. 13, 2016) (Reiss, C.J.), ECF No. 19 at 2. When *Younger* applies, "abstention is mandatory." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002). *Younger* directs that federal courts should abstain from enjoining ongoing state court actions in three "exceptional circumstances": (1) "ongoing state criminal prosecutions," (2) "certain civil enforcement proceedings," and (3) "pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, __ U.S. __, 134 S. Ct. 584, 591 (2013) (internal quotation marks and alteration omitted). The second category—"certain civil enforcement proceedings"—applies here.

A federal court should abstain from enjoining civil enforcement proceedings if the pending state proceeding is "'akin to a criminal prosecution' in 'important

respects.'" *Id.* at 592 (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975)).

The civil commitment procedure that apparently resulted in the order involuntarily

hospitalizing and medicating Petitioner is outlined in the Vermont statutes, *see*

18 V.S.A. §§ 7611–7629, and bears a striking similarity to a criminal prosecution.

For example, the state is routinely a party to involuntary treatment proceedings,

and counsel is appointed to represent the proposed patient.  18 V.S.A. §§ 7613(a),

7616; *see also Sprint Commc'ns, Inc.*, 134 S. Ct. at 592 (noting that second category

frequently involves state actors).  Similarly, the Vermont statutes set forth rules

governing probable cause review, hearings for both involuntary treatment and

involuntary medication, and the requisite findings that a court must make before it

may order involuntary treatment and medication.  *See* 18 V.S.A. §§ 7612a, 7615,

7617.  According to the Vermont Legislature, this statutory scheme protects human

dignity by providing "a judicial process to determine competence."  18 V.S.A.

§ 7629(b), (d).  In short, Vermont's interest in civil commitment is "likely to be every

bit as great as it would be were this a criminal proceeding," *Huffman*, 420 U.S. at

604; and the similarities between a criminal proceeding and civil commitment

justify abstention here.  *Id.*

Moreover, the Supreme Court has identified three other factors that a federal

court may consider before invoking *Younger* abstention, *Sprint Commc'ns, Inc.*, 134

S. Ct. at 593; and all three of those factors support abstention here.  First, there is

an ongoing state proceeding that is now subject to appeal; second, this appeal

implicates a crucial interest of Vermont; and third, Petitioner has an adequate

4

opportunity on appeal for judicial review of her federal constitutional claims. *Id.* (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Given the further support provided by these factors, this is clearly one of those exceptional cases where *Younger* abstention applies.

Here, Petitioner has brought a Petition for Writ of Habeas Corpus challenging her involuntary civil commitment by a Vermont Superior Court (*see* Doc. 1); and this commitment is currently on direct appeal before the Vermont Supreme Court (*see* Doc. 5 at 1 (citing *In re P.K.*, Docket No. 2017-272)).  In order for a federal court to grant an application for a writ of habeas corpus, the petitioner must first exhaust all remedies available in the state courts.  28 U.S.C. § 2254(b)(1)(A).  "[E]xhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal quotation marks and alteration omitted).  Petitioner has not met this standard because the Vermont Supreme Court has not yet had an opportunity to review Petitioner's various federal claims.  *See Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991) ("[A] petitioner must present his federal constitutional claims to the highest court of the state before a federal court may consider the merits of the petition.").[2]

---

[2]  Even if Petitioner had exhausted her state remedies, her Petition is fatally undermined by the absence of facts supporting her claims.  Habeas corpus petitions must meet "heightened pleading requirements," *McFarland v. Scott*, 512 U.S. 849, 856 (1994), including pleading facts supporting the petition with particularity, *see* 28 U.S.C. § 2254, Habeas Corpus Rule 2(c)(2), (3) (requiring that petition must "state the facts supporting each ground" and "state the relief requested"); *see also Mayle v. Felix*, 545 U.S. 644, 655, 656 (2005) (pleading standard for "Habeas Corpus Rule 2(c) is more demanding," and "habeas petitioners [must] plead with particularity").

Finally, even if abstention was not warranted, Petitioner fails to make out a claim for injunctive relief.  A petitioner seeking a preliminary injunction against government action taken in the public interest pursuant to a statutory or regulatory scheme, must demonstrate irreparable harm and likelihood of success on the merits. *Monserrate v. N.Y. State Senate*, 599 F.3d 148, 154 (2d Cir. 2010).  Assuming, *arguendo*, that Petitioner can demonstrate irreparable harm, her bare bones Petition is devoid of any facts and only states her conclusions of allegedly wrongful confinement.  Given Petitioner's failure to as yet exhaust her state court remedies and the Petition's lack of factual averments, Petitioner fails to make a *prima facie* showing of a likelihood of success on the merits.

As a result, I recommend that Petitioner's Motion for injunctive relief be DENIED.

## II.     Request for Leave to Amend

In the second part of her Motion, Petitioner seeks leave to amend her Petition to add additional respondents in their individual and official capacities.  (Doc. 4.) Specifically, Petitioner wishes to add as respondents Rebecca Plummer and Jack McCullough, her assigned counsel from the Mental Health Law Project, and Dr. Engstrom, a physician at the Brattleboro Retreat.  (Doc. 4 at 1.)  Petitioner alleges that Attorneys Plummer and McCullough failed to file a motion for a legal competency hearing prior to issuance of the involuntary confinement and medication order, and that Dr. Engstrom committed retaliatory malpractice in

failing to conduct an evaluation of her prior to subjecting her to involuntary treatment.  (*Id.*)

Rule 15(a)(2) permits a party to amend a pleading upon the written consent of the opposing party or by leave of court, and states that leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, a court may deny leave to amend where the amended pleading would be "futil[e]."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) ("Undue delay and futility of the amendment, among other factors, are reasons to deny leave."); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied.").  Amendment is considered futile if the amended pleading fails to state a claim or would be subject to a motion to dismiss on some other basis.  *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); *McKinney v. Eastman Kodak Co.*, 975 F. Supp. 462, 465 (W.D.N.Y. 1997).

Here, Petitioner applies for a writ of habeas corpus seeking immediate release from state custody.  The proper respondent is thus the party having custody over her, not her attorneys or treating physician.  *See* 28 U.S.C. § 2242 (requiring habeas application to allege "the name of the person who has custody over [her]"); *see also* Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

Further, although it may generally be permissible to bring a combined 42
U.S.C. § 1983 civil rights action with a 28 U.S.C. § 2254 habeas petition, Petitioner
has failed to file a proposed amended complaint with her motion to amend, as
required by Rule 15(a) of this Court's Local Rules of Procedure.[3]  *See* D. Vt. L.R.
15(a)(1)–(2) (requiring that a motion to amend include both a "redlined version of
the proposed amendment" and "a non-redlined reproduction of the entire amended
filing").  This requirement is not a mere formality; it allows the court and
respondents to know exactly what amendment the court is allowing if the motion is
granted.  *See Wool v. Pallito*, No. 2:11–cv–169, 2012 WL 1952990, at *8 (D. Vt.
May 30, 2012); *Sylvester v. Sorrell*, No. 1:08–CV–88, 2009 WL 819383, at *1 (D. Vt.
Mar. 25, 2009).  Although Petitioner is representing herself and her submissions
must be treated with "special solicitude," she still must comply with the local rules.
*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[W]e have
said that a *pro se* litigant is entitled to special solicitude; that a *pro se* litigant's
submissions must be construed liberally; and that such submissions must be read to
raise the strongest arguments that they suggest"; but still, "*pro se* status does not
exempt a party from compliance with relevant rules of procedural and substantive
law." (internal quotation marks and citations omitted)); *see also McNeil v. United
States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules

---

[3]  Furthermore, it is doubtful that a legal or medical malpractice claim would rise to the level
of deliberate indifference required to be cognizable under § 1983. *See, e.g., Salahuddin v. Goord*, 467
F.3d 263, 280 (2d Cir. 2006); *Payton v. Conn. Dep't of Corr.*, No. 3:17-cv-00006 (SRU), 2017 WL
2661618, at *2 (D. Conn. June 20, 2017) ("Malpractice claims are not cognizable in section 1983
actions because they sound in negligence and negligence does not state a claim of deliberate
indifference to medical needs.") (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Thus, Petitioner's failure to file a proposed amended complaint provides an alternative basis to deny her request for leave to amend.

## Conclusion

Based on the foregoing, I recommend that Petitioner's Motion seeking injunctive relief and leave to amend her Petition for Writ of Habeas Corpus (Doc. 4) be DENIED.

Dated at Burlington, in the District of Vermont, this 10th day of October 2017.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).