UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Patricia Kane,

      Petitioner,

      v.                                                        Civil Action No. 2:17-cv-157

Commissioner of the
Department of Mental Health,

      Respondent.

## REPORT AND RECOMMENDATION
(Doc. 12)

Patricia Kane, proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, contending she was denied due process and illegally detained by Respondent the Commissioner of the Department of Mental Health (Commissioner). (Doc. 1 at 2–3.) Kane was involuntarily hospitalized while she was in the Commissioner's custody at the Brattleboro Retreat, pursuant to an Order of Hospitalization issued by the Vermont Superior Court under 18 V.S.A. § 7617(b)(1). (Doc. 5 at 1; *see* Doc. 1 at 2.) She was discharged from the facility on October 4, 2017. (Doc. 12 at 1.)

Pending before the Court is the Commissioner's Motion to Dismiss for lack of jurisdiction and for failure to state a claim under Fed. R. Civ. P 12(b)(1), (6).[1] (Doc. 12.) Therein, the Commissioner makes the following four arguments: (1) the Court lacks

---

[1] Also pending is a Report and Recommendation (R&R) issued by the undersigned on October 10, 2017 (Doc. 11), which recommends the denial of Kane's Motion seeking injunctive relief and leave to amend her Petition (Doc. 4).

jurisdiction because the case is moot, as Kane is no longer in the custody of the

Commissioner nor subject to any order of civil commitment (*id*. at 1); (2) the Court

should abstain from hearing Kane's Petition under the doctrine set forth in *Younger v.*

*Harris*, 401 U.S. 37 (1971), because Kane seeks declaratory or injunctive relief that

would directly impact an ongoing state proceeding (*id*. at 3–5); (3) Kane has failed to

exhaust her state remedies, given the pendency of her appeal to the Vermont Supreme

Court based on her involuntary hospitalization (*id*. at 5–6); and (4) Kane's Petition

lacks a factual basis to support her claims (*id*. at 6). Kane has filed no response to the

Commissioner's Motion.

Concluding that Kane is no longer in the Commissioner's custody and has not

exhausted her state remedies, I recommend that the Commissioner's Motion to Dismiss

(Doc. 12) be GRANTED.

## **Factual and Procedural Background**

Kane's Petition contains few relevant factual allegations (*see* Doc. 1), and thus

the following material facts are taken mostly from the Commissioner's Motion (Doc. 12),

to which Kane has neither objected nor filed an opposition.

On June 21, 2017, the Department of Mental Health filed an application for

involuntary treatment of Kane in the Family Division of the Vermont Superior Court.

(*Id*. at 1.) The application, which was supported by the sworn affidavits of multiple

medical professionals, alleged that Kane was suffering from a mental illness and was in

need of mental health treatment. (*Id* at 2.) The application requested treatment for up

to 90 days pursuant to 18 V.S.A. § 7612. (*Id*. (citing 18 V.S.A. § 7612(e)(1).) On the

same day the application for involuntary treatment of Kane was filed, the Family

Division found probable cause to believe Kane was a "person in need of treatment" under 18 V.S.A. § 1701. (*Id.*) Kane was thus examined at the University of Vermont Medical Center and then transported to the Brattleboro Retreat for treatment pending the outcome of a hearing on the merits of the Department's application. (*Id.* (citing 18 V.S.A. §§ 7101(4), 7401(3), 7508, 7901).)

Soon thereafter, the Department filed an application for involuntary medication. (*Id.*) On July 21, 2017, the Family Division of the Vermont Superior Court held a hearing on both the application for involuntary medication and the application for involuntary treatment. (*Id.* (citing 18 V.S.A. § 7615(a)(1)).) Kane was represented by appointed counsel at the hearing, over her objections. (*Id.*) *See generally In re G.G.*, 2017 VT 10 ¶ 22, 165 A.3d 1075 (holding that Fourteenth Amendment Due Process Clause precludes a patient from self-representation in a continued treatment or involuntary medication hearing). However, the court allowed Kane to testify, and to present and question witnesses herself. (Doc. 12 at 2.) At the conclusion of the hearing, the court issued an Order of Hospitalization and an Order for Involuntary Medication. (Docs. 12-1, 12-2.) Kane appealed those Orders to the Vermont Supreme Court and requested a stay of the Order for Involuntary Medication, which was denied on August 11, 2017. (Doc. 12-3 at 4.) The appeal is still pending before the Vermont Supreme Court. (Doc. 12 at 3.)

The Order of Hospitalization was issued for a 90-day period of hospitalization from the date of the hearing, and therefore the Order of Hospitalization expired on October 19, 2017. (Doc. 12-1 at 1.) On or about July 25, 2017, however, Kane filed her Petition for Writ of Habeas Corpus with this Court, claiming she was being held

involuntarily at the Brattleboro Retreat and was receiving medication involuntarily, in violation of the Constitution and federal and Vermont statutes.  (Doc. 1.)[2]

As expiration of the Order of Hospitalization approached, Kane's treating doctor determined it was not necessary to continue involuntary treatment.  (Doc. 12 at 3.)  Accordingly, on October 4, 2017, Kane was discharged from the Brattleboro Retreat and released from the Commissioner's custody.  (*Id*.)

## Analysis

### I.    Legal Standard

In ruling on the Commissioner's Rule 12(b)(1) Motion to Dismiss, the Court accepts as true all factual allegations in Kane's Petition.  (Doc. 1.)  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To survive the Motion, Kane's Petition must contain "sufficient factual matter" to state a plausible claim for relief.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, Kane bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Where jurisdictional facts are disputed, "the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists."  *Russo v. Vermont*, Civil Action No. 1:10–cv–296, 2011 WL 4537956, at *3 (D. Vt. July 29, 2011).

---

[2] On September 13, 2017, Kane filed a Motion seeking injunctive relief and leave to amend her Petition.  (Doc. 4.)  As noted earlier, in a R&R filed on October 10, 2017, this Court recommended denial of the Motion.  (Doc. 11.)  The R&R is pending review by the District Judge.

## II.    Kane's Custody Status

The Commissioner argues that this Court lacks jurisdiction "because the case is moot," given that Kane is no longer in the Commissioner's custody.  (Doc. 12 at 1.) "Mootness is a jurisdictional matter relating to the Article III requirement that federal courts hear only 'cases' or 'controversies.'" *Blackwelder v. Safnauer*, 866 F.2d 548, 550 (2d Cir. 1989) (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). A case is moot "when the issues presented are no longer 'live' or the parties 'lack a legally cognizable interest in the outcome.'" *Blackwelder*, 866 F.2d at 551 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). "When this occurs, the Constitution's case or controversy requirement is not satisfied and a federal court lacks subject[-]matter jurisdiction over the action." *Meyers v. Williams*, No. 10–CV–620 (CBA) (LB), 2011 WL 721647, at \*2 (E.D.N.Y. Feb. 22, 2011) (citing *Blackwelder*, 866 F.2d at 550).

To invoke the habeas jurisdiction of the federal courts, the petitioner must be "*in custody pursuant to the judgment of a State court.*" *Ogunwomoju v. United States*, 512 F.3d 69, 73 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(a)); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (purpose of federal habeas corpus statute is "to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person").  There is no dispute that Kane was in state custody when she filed her Petition on July 25, 2017: she was being involuntarily treated at the Brattleboro Retreat at that time.  (*See* Doc. 12-3 at 1.)  However, since Kane was discharged on October 4, 2017, she has no longer been in custody or otherwise restrained by the state.  *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that

habeas jurisdiction ends "where a habeas petitioner suffers no present restraint from a conviction").

Kane has not responded to the Commissioner's mootness argument; she has not denied that she is no longer in the Commissioner's custody; and she has failed to identify any collateral consequences that have continued beyond her release from involuntary hospitalization and treatment.  Therefore, Kane's Petition is moot and the Commissioner is entitled to dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.  *See Best v. Barbarotta*, 12-CV-6218 (NGG), 2016 WL 1588501, at \*3 (E.D.N.Y. Apr. 19, 2016) ("a petitioner's release from involuntary commitment will moot his petition unless he affirmatively demonstrates a collateral consequence of that commitment from which the court may grant relief").

## III.    Kane's Failure to Exhaust Remedies

Even if Kane's Petition was not moot, it fails because Kane has not exhausted her state court remedies.  A habeas petitioner seeking to upset her state conviction on federal grounds must exhaust her available state remedies before filing a habeas petition.  28 U.S.C. § 2254(b), (c); *Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc) ("In general, the exhaustion doctrine provides that a habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim.").  This requirement "expresses respect for our dual judicial system and concern for harmonious relations between the [state and federal courts]."  *Daye*, 696 F.2d at 191.  Moreover, "adherence to the exhaustion requirement has the salutary practical effects of enhancing the familiarity of state courts with federal doctrines, and of increasing the

6

likelihood that the factual allegations necessary to a resolution of the claim will have been fully developed in state court, making federal habeas review more expeditious." *Id.* (citations omitted).

It is undisputed that Kane's claims are currently pending before the Vermont Supreme Court. (*See* Doc. 12 at 3 (citing Doc. 12-3).) Therefore, the Commissioner is entitled to dismissal under Fed. R. Civ. P. 12(b)(1) for Kane's failure to exhaust her available state remedies.

## IV.    Leave to Amend

The Second Circuit has cautioned that district courts should not dismiss *pro se* complaints without granting leave to amend at least once, "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). It is well settled, however, that "leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that a "futile request to replead," even by a *pro se* litigant, "should be denied"). Amendment is futile when the cause of action is substantively flawed and better pleading will not cure the complaint's defects. *Id.*

Here, amendment of Kane's Petition would be futile because not only is Kane no longer in state custody, she has also failed to exhaust her available state remedies, as explained above. I therefore recommend denying leave to amend.

## Conclusion

Based on the foregoing, I recommend that the Court GRANT the Commissioner's

Motion to Dismiss (Doc. 12) and DENY Kane's Petition for Writ of Habeas Corpus

(Doc. 1) without leave to amend.  Because Kane has been released from involuntary

hospitalization, her Motion for Release from Unlawful Confinement (Doc. 6) should also

be DENIED as moot.

Dated at Burlington, in the District of Vermont, this 14th day of December 2017.


/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge


Any party may object to this Report and Recommendation within fourteen days
after service thereof, by filing with the Clerk of the Court and serving on the Magistrate
Judge and all parties, written objections which shall specifically identify those portions
of the Report and Recommendation to which objection is made and the basis for such
objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).
Failure to timely file such objections "operates as a waiver of any further judicial review
of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16
(2d Cir. 1989).