U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 JAN 22 AM 11: 26

CLERK
BY ⟋⟋⟋
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

PATRICIA KANE, )
)
    Petitioner, )
)
v. ) Case No. 2:17-cv-157
)
COMMISSIONER OF THE )
DEPARTMENT OF MENTAL HEALTH, )
)
    Respondent. )

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORTS AND RECOMMENDATIONS**
(Docs. 1, 4, 6, 11, 12, & 13)

This matter came before the court for a review of the Magistrate Judge's October 10, 2017 and December 14, 2017 Reports and Recommendations (the "R & R's"). (Docs. 11 & 13.) On August 16, 2017, self-represented Petitioner Patricia Kane filed a petition for writ of habeas corpus, challenging an order of hospitalization pursuant to 18 V.S.A. § 7617(b)(1) which placed her into the custody of Respondent Commissioner of the Department of Mental Health and required her mandatory confinement and medication at the Brattleboro Retreat. (Doc. 1.) On September 13, 2017, Petitioner filed a motion to amend her initial petition and a motion for a preliminary injunction ordering her release from custody. (Doc. 4.) Nine days later, on September 22, 2017, Petitioner filed a motion for release from unlawful confinement. (Doc. 6.) In the October 10, 2017 R & R, the Magistrate Judge recommended that the court deny Petitioner's motion to amend as well as her motion for a preliminary injunction. (Doc. 11.)

On November 3, 2017, Respondent filed a motion to dismiss the initial habeas petition for lack of jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Doc. 12.) On December 14, 2017, the Magistrate Judge issued a second R & R, recommending that Respondent's motion to dismiss be granted, that

Petitioner's petition for writ of habeas corpus be denied, and that Petitioner's motion for release from unlawful confinement be denied as moot. (Doc. 13.) Neither party filed objections to either R & R, and the time to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his nine page October 10, 2017 R & R, the Magistrate Judge carefully considered Petitioner's motion for immediate release from Respondent's custody. Observing that the Vermont Supreme Court was considering Petitioner's request for relief from the order of hospitalization and involuntary medication order on direct appeal, the Magistrate Judge correctly concluded that Petitioner had failed to exhaust her state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that[] . . . the applicant has exhausted the remedies available in the courts of the State").

The Magistrate Judge nonetheless proceeded to analyze Petitioner's motion to amend her initial petition, wherein she sought to add as respondents her two assigned attorneys from the Mental Health Law Project and a physician at the Brattleboro Retreat. In recommending that the court deny the motion, the Magistrate Judge noted that Petitioner's proposed Complaint failed to contain a short and plain statement establishing either the grounds for the court's jurisdiction or Petitioner's entitlement to relief as required by the Federal Rules of Civil Procedure and this court's Local Rules. *See* Fed. R. Civ. P. 8(a); L.R. 15(a).

With respect to Respondent's motion to dismiss for lack of jurisdiction and failure to state a claim, the Magistrate Judge noted that Petitioner was discharged from Respondent's custody on October 4, 2017. On that basis, the Magistrate Judge properly recommended that the court grant Respondent's motion to dismiss and deny Petitioner's petition for writ of habeas corpus because the relief Petitioner sought was no longer necessary. *See Ogunwomoju v. United States*, 512 F.3d 69, 73 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(a)) ("A petitioner must be 'in custody' in order to invoke habeas jurisdiction of the federal courts."). The court finds the Magistrate Judge's conclusions well-reasoned and consistent with the applicable law.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's October 10, 2017 R & R (Doc. 11) and DENIES Petitioner's motions for immediate release and to amend her initial petition for writ of habeas corpus (Docs. 1 & 4). The court further ADOPTS the Magistrate Judge's December 14, 2017 R & R (Doc. 13) and GRANTS Respondent's motion to dismiss (Doc. 12). The court hereby DENIES and DISMISSES Petitioner's petition for writ of habeas corpus (Doc. 1). Petitioner's motion for release from unlawful confinement (Doc. 6) is DENIED AS MOOT.

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Petitioner a certificate of appealability in this matter because Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 22nd day of January, 2018.

Christina Reiss, District Judge
United States District Court

3